IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BILLY W. TRILLET, #137853, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-CV-288-WHA |
| ) | |
| DR. HERRING, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Billy W. Trillet challenging medical treatment provided to him during a prior term of incarceration at the Staton Correctional Facility. The order of procedure entered on May 20, 2016 instructed Trillet to inform the court immediately of any new address. Doc. 8 at 5, ¶7(h) ("If plaintiff moves to a different institution or is released, he must immediately inform the court and the defendants of his new address."). The docket indicates that Trillet received a copy of this order and provided the court with a change of address as required by the order. *See* Doc. 35. However, the court recently obtained information that Trillet is no longer at the last address he provided to the court.[1]

Based on the foregoing, the court entered an order requiring Trillet to inform the court of his current address on or before October 1, 2018. Doc. 41 at 1. The order also "specifically cautioned [Trillet] that if he fails to respond to this order the Magistrate Judge will recommend that this case be dismissed due to his failure to keep the court apprised of his current address and because, in the absence of such, this case cannot proceed before this court in an appropriate manner." Doc. 41 at 1–2. As of the present date, Trillet has failed to provide the court with his

---

[1] The last address Trillet submitted to the court is the Loxley Work Release Center. A search of the inmate database maintained by the Alabama Department of Corrections, http://doc.state.al.us/InmateSearch, indicates that Trillet is no longer incarcerated within the state prison system.

current address pursuant to the orders entered in this case. Under these circumstances, the court finds that dismissal of this case is warranted.

In accordance with Eleventh Circuit law, the court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, the court finds that dismissal of this case is the proper course of action. Initially, the court notes that Trillet is an indigent individual and the imposition of monetary or other punitive sanctions against him would be ineffectual. Moreover, Trillet has failed to comply with the orders entered by this court regarding provision of a current address. It likewise appears that Trillet is simply no longer interested in the prosecution of this case and any additional effort to secure his compliance would be unavailing and a waste of this court's scarce resources. Finally, as previously stated, this case cannot properly proceed when Trillet's whereabouts are unknown.

Accordingly, the court concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). "The district court possesses the inherent power to police its docket." *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31. "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **October 24, 2018** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 10th day of October, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge